IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAROLYN MARY FOWLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-00733-WJE ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Carolyn Mary Fowler seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.* Administrative Law Judge Christina Young Mein ("ALJ") found that although Ms. Fowler had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do limited light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Fowler protectively filed a claim for DIB on February 15, 2016. (AR 464). She alleges a disability onset date of September 30, 2014, due to anxiety, depression, post-traumatic stress disorder, occupational and social impairments, disturbance of motivation and mood, impaired judgment, difficulty establishing and maintaining work and social relationships, panic attacks, chronic sleep impairments, and memory loss. (*Id.* 464, 466, 523, 656). Her claims were denied

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

initially on June 2, 2016. So she filed a written request for hearing which was held on December 13, 2017. (*Id.* 464).

On May 22, 2018, the ALJ denied Ms. Fowler's claim. (*Id.* 461). The Appeals Council denied review on October 12, 2018, leading Ms. Fowler to seek judicial review of the final administrative decision on December 5, 2018. (*Id.* 1-3, 2583). On September 16, 2019, this Court issued a remand order, pursuant to which the Appeals Council directed the ALJ to reevaluate the medical opinion evidence. (*Id.* 2583-92, 2596-99). Clarifying that Ms. Fowler was awarded DIB beginning on December 1, 2018, based upon a subsequent application filed on December 13, 2018, the Appeals Council instructed the ALJ to reevaluate the evidence for the period prior to December 1, 2018. (*Id.* 2598).

On May 6, 2020, the ALJ held a telephone hearing. (*Id.* 2513). The ALJ determined that although Ms. Fowler had severe and non-severe impairments, none of them met or exceeded a listed impairment. (*Id.* 2516-17). She also determined that Ms. Fowler had an RFC to perform light work with certain limitations, including:

> [S]he can understand, remember, and carry out simple and routine tasks that may entail detailed but uninvolved instructions. She can generally relate appropriately to coworkers and supervisors in groups of under 10 and for short periods of time not exceeding 30 minutes at a time. She can be expected to perform best in a work setting where she can complete tasks relatively independently and where social interaction is not a primary job requirement and no public interaction is required. She can make simple work-related decisions. Her ability to adapt to routine changes in the workplace is intact.

(*Id.* 2517-18). During the May 6, 2020 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Fowler's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 2528, 2553-54). The VE testified that such an individual could perform work as a tumbler operator, laundry worker, or spool winder. (*Id.* 2528, 2554). On June 9, 2020, the ALJ denied Ms. Fowler's claim. (*Id.* 2510).

Following the ALJ's decision, the Appeals Council denied Ms. Fowler's request for review. (Doc. 23 at 3). Since Ms. Fowler has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

### IV. Discussion

Ms. Fowler raises two issues in her appeal before the Court. She argues that the RFC decision is not supported by substantial evidence because the RFC decision is inconsistent with (1) the ALJ's own findings and (2) the record as a whole. (Doc. 15 at 27-41). The Court finds that substantial evidence supports the RFC decision because the ALJ properly reevaluated the medical opinions, rendering the RFC decision consistent with the ALJ's findings and the record as a whole. Accordingly, this Court affirms.

A. *The RFC decision is consistent with the ALJ's findings.*

The claimant's RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). The claimant has the burden to prove her RFC. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). "[A] claimant's RFC is a medical question and 'at least some' medical evidence must support the ALJ's RFC determination." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v.*

*Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). An ALJ may afford significant weight to the opinion of a non-treating physician where the opinion is consistent with the evidence as a whole. *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019); *see also Casey v. Astrue*, 503 F.3d 687, 691-92 (8th Cir. 2007) ("[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence."). This Court "review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003)).

The RFC decision is consistent with the ALJ's findings. To determine Ms. Fowler's RFC, the ALJ reevaluated Dr. Lace's and Dr. Callis' medical opinions, which this Court ordered on remand. (AR 2513, 2524-25, 2583-92). Both doctors were non-treating physicians. (*Id.* 2524-25). As such, the ALJ is permitted to give their opinions significant weight if they are consistent with the evidence as a whole. *See Twyford*, 929 F.3d at 518. Here, the ALJ ultimately afforded Dr. Callis' opinion "great weight" and Dr. Lace's opinion "partial weight." (AR 2524-25). The ALJ afforded Dr. Callis' opinion "great weight" because she found the opinion consistent with the evidence as a whole, including generally unremarkable psychiatric mental status examinations, Ms. Fowler's daily activities, and Ms. Fowler's subsequent longitudinal mental status examinations by other treating providers. (*Id.*). The ALJ afforded Dr. Lace's opinion "partial weight" because she found internal inconsistencies in the opinion. (*Id.* 2525). In addition, the ALJ found Dr. Lace's opinion inconsistent with Ms. Fowler's longitudinal mental status examinations and Ms. Fowler's daily activities. (*Id.*). After the ALJ explained the weight she afforded each medical opinion, she found that Ms. Fowler could "understand, remember, and carry out simple

and routine tasks that may entail detailed but uninvolved instructions," "make simple work-related decisions," and have limited interactions with others "for short periods of time." (*Id.* 2517-18). This Court finds that these limitations sufficiently encompass the non-treating physicians' opinions that Ms. Fowler was limited to slow-paced work, and that she could only "understand, remember, and carry out simple instructions." (*Id.* 2509, 2524). An ALJ does not need to list and reject every possible limitation. *McCoy*, 648 F.3d at 615. Thus, this Court finds that the RFC decision is consistent with the ALJ's findings.

> B. *The RFC decision is consistent with the record as a whole.*

When determining a claimant's RFC, "[a] treating physician's opinion is given 'controlling weight' if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005)). However, "[a] treating physician's opinion 'do[es] not automatically control, since the record must be evaluated as a whole.'" *Id.* (quoting *Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995)). "An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Id.* (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The Commissioner may also assign 'little weight' to a treating physician's opinion when it is either internally inconsistent or conclusory." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Chesser v. Berryhill*, 858 F.3d 1161, 1164-65 (8th Cir. 2017)). An inconsistency that tends to show that the claimant is not disabled is if the claimant attempts to return to work. *Bentley*, 52 F.3d at 786. If the claimant

stops working due to being laid off or fired, this also tends to show the claimant is not disabled. *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018).

Here, the RFC decision is consistent with the record as a whole. The ALJ properly reevaluated the medical opinions of all the physicians, including Dr. Peterson, Dr. Moberly, and Dr. Watson. (AR 2524-26). Dr. Peterson and Dr. Moberly were treating physicians. (*Id.* 2525). However, the ALJ did not afford either opinion controlling weight because she found them inconsistent with the record as a whole. (*Id.* 2525-26). The ALJ properly explained that she found Dr. Moberly's opinion inconsistent with Ms. Fowler's daily activities and longitudinal mental status examinations. (*Id.* 2526). In addition, the ALJ properly explained that she found Dr. Peterson's opinion inconsistent with Ms. Fowler's attempts to secure employment, which tends to illustrate that a claimant is not disabled. (*Id.* 2525; *see Bentley*, 52 F.3d at 786). Dr. Peterson's opinion was also inconsistent with the fact that Ms. Fowler was fired from her nursing position and did not stop working due to her impairments. (AR 1755; *see Nash*, 907 F.3d at 1090). Moreover, Dr. Peterson's opinion included a conclusory statement that Ms. Fowler was "unemployable." (AR 2525). Due to the conclusory and inconsistent statements in the treating physicians' opinions, the ALJ afforded the opinions less weight. (*Id.* 2525-26). However, this does not mean that the ALJ rejected the treating physicians' opinions. (*See id.* 2521-23, 2525-26). Instead, the ALJ thoroughly evaluated the treating physicians' opinions and simply did not give them controlling weight. (*Id.*). The ALJ also properly reevaluated Dr. Watson's opinion, affording it "partial weight" because, unlike Dr. Watson, the ALJ found that Ms. Fowler had severe impairments. (*Id.* 2524). Thus, pursuant to this Court's order on remand, the ALJ properly reevaluated each physician's opinion when she formulated Ms. Fowler's RFC. This Court defers

to the findings of the ALJ and Acting Commissioner and finds that Ms. Fowler's RFC is consistent with the evidence as a whole.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Fowler was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 19th day of October 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge